IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS A. HENDERSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 2:12-CV-00153
CRIM. NO. 2:06-CR-0039
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On March 24, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. *See* Doc. No. 193.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, Doc. No. 193, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. He raises all of the arguments he previously presented.

Petitioner contends that the Court must conduct a hearing on his claims of ineffective assistance of counsel to address off the record discussions and interaction between Petitioner and his defense counsel at trial. *Objection*, Doc. No. 193, PageID# 3941. He urges the Court to consider whether the cumulative errors of defense counsel warrant relief. PageID# 3942.

A federal habeas court need not conduct an evidentiary hearing where the "files and records of the case conclusively show that the prisoner is entitled to no relief." *Ward v. United*

1

*States*, No. 1:07-CR-73-001, 2012 WL 137873, at *2 (S.D. Ohio Jan. 18, 2012)(quoting *Smith v. United States,* 348 F.3d 545, 550 (6th Cir. 2003). The Court need not hold an evidentiary hearing "[w]here 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)(quoting *Arrendondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)). Such are the circumstances here. The Court finds no factual disputes that require resolution by an evidentiary hearing in order to determine whether to grant the Petitioner relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that he was denied effective assistance of counsel because his attorney cross-examined Agent Tim Creedon in a manner so as to cause the government to call Christie Collins as a rebuttal witness. Collins identified Petitioner as Bobby Bass' killer. Petitioner argues he was prejudiced thereby, as Collins' identification was critical to the government's case. He argues that an evidentiary hearing is required particularly in view of the affidavits of defense counsel, Attorneys Diane M. Menashe and David Stebbins. *Objection*, Doc. No. 193, PageID# 3944-45.

The Court is not persuaded by Petitioner's arguments. The record fails to indicate that the government called Collins as a prosecution witness solely as a result of defense counsel's cross examination of Agent Creedon. Moreover, in view of the substantial evidence of guilt, the Court concludes that Collins' testimony did not prejudice Petitioner, as that term is defined under *Strickland v. Washington,* 466 U.S. 668 (1984). Collins had previously been certain of her identification of Mario Wiley as Bass' shooter and was not a reliable witness for the prosecution.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel based on his attorney's failure to object or file a motion *in*

*limine* to prevent Stan Humphrey from testifying that Petitioner traveled to Florida to eliminate a witness rather than commit a robbery. Petitioner seeks an evidentiary hearing based on this claim in view of the conflict between his affidavit, indicating he advised counsel about the anticipated content of Humphrey's testimony in this respect, and defense counsel's affidavit indicating to the contrary. *See Objection*, Doc. No. 193, PageID# 3946.

The trial transcript, however, contradicts Petitioner's allegation and instead indicates that neither party anticipated Humphrey's testimony in this regard. *Trial Transcript,* Vol. III, PageID# 2422-23; *see also Affidavit* of Diane Menasche, PageID# 3878-79. Counsel objected to Humphrey's statement and requested a mistrial. In any event, Petitioner has failed to establish prejudice, as that term is defined in *Strickland* in view the substantial evidence of guilt.

Bass intended, prior to his death, to provide authorities with information regarding Petitioner's participation in a bank robbery. Petitioner had warned Ecolia Washington that, if she cooperated with the police she would be shortening her life. *United States v. Henderson*, 626 F.3d 326 332-34 (6th Cir. 2010). Petitioner told Ronald Beauford, on the day of Washington's death, "that's how I handle business." *Id.* at 338. Petitioner told Beauford he had stalked Washington and she got what she deserved because she was a rat. *Id.* Petitioner told prison inmate General Smith, who was incarcerated with Petitioner in 2001, that he had killed those who assisted authorities in the charges against him. Petitioner told prison inmate Michael Williams, that "real killers carry revolvers. . . because the shells go with you." *Id.* at 335. Evidence indicated that Petitioner had purchased a .38 caliber Smith & Wesson revolver in 1998 under an assumed name. Bullets from this type of firearm matched those of the type recovered from Washington's body. *Id.* Petitioner told Stanley Humphrey to kill Washington and get rid of her body, as the FBI would be questioning her. *Id.* at 339. According to Ace McClendon,

McClendon helped to lure Bobby Bass out of his house in 1996 in order that Petitioner could kill Bass. In return, Petitioner gave McClendon some drugs. Moreover, and as noted by the Magistrate Judge, the Court issued a curative instruction advising the jury not to consider the statement by Humphrey that Petitioner complains of. *Trial Transcript*, Vol. VIII, PageID# 2427-28. For all of the foregoing reasons, this Court concludes that Petitioner has failed to establish the denial of effective assistance of counsel under the two-prong *Strickland* test.

Petitioner objects to the Magistrate Judge's conclusion that his claim of ineffective assistance of counsel based on his attorney's failure to request a limiting instruction on statements by murder victims, Washington and Bass, does not warrant relief. This objection is not well taken. "Judicial scrutiny of counsel's performance must be highly deferential" and the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). *Strickland v. Washington*, 466 U.S. at 689.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of the denial of the effective assistance of counsel based on his attorney's failure to object to improper comments by the prosecutor during opening statement. He raises the same arguments he previously presented in this regard. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel based on the denial of his right to testify on his own behalf. He asserts the Magistrate Judge improperly recommended dismissal of this claim because the issue involves alleged coercion resulting in his decision not to testify. *Objection*, Doc. No. 193, PageID# 3950. For the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, the Court is not persuaded that these claims warrant relief. Thus, any claim of cumulative error does not warrant relief. *See Hall v. United States*, No. 3:05-cr-129; 3:09-cv-361, 2012 WL 3945490, at *6 (E.D. Tenn. Sept. 10, 2012)(citing *Getsy v.*

*Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007)("[Petitioner's] cumulative-error claim therefore fails because there are simply no errors to cumulate."))

For all of the foregoing reasons, and for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection,* Doc. No. 193, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge