IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS A. HENDERSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-3180
CRIM. NO. 2:06-CR-00039
CHIEF JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 201.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the motion to vacate (ECF No. 201) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I.    PROCEDURAL HISTORY

Petitioner challenges his convictions after a jury trial on two counts of killing a federal witness in retaliation for providing information to law enforcement, in violation of 18 U.S.C. § 1513(a)(1)(B) and § 111 and two counts of using a firearm in relation to a crime of violence resulting in death, in violation of 18 U.S.C. § 924(c). On February 1, 2008, the Court imposed concurrent terms of life imprisonment. (*Judgment*, ECF No. 153.) On November 19, 2010, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *United States v. Henderson*, 626 F.3d 326 (6th Cir. 2010). On February 19, 2012, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255, asserting the denial of the effective assistance of counsel. (ECF No. 166.) On June 10, 2014, the Court issued an Opinion and Order denying that

action. (ECF No. 197.) On March 30, 2016, the Sixth Circuit affirmed the judgment of this Court. (ECF No. 198.)

On June 23, 2020, Petitioner filed this second Motion to Vacate under 28 U.S.C. § 2255. He asserts that his convictions on use of a firearm in relation to a crime of violence under § 924(c) are constitutionally invalid in view of *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019). However, as discussed, this is not Petitioner's first federal habeas corpus petition.

## II.  SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed a prior motion to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

## III.  DISPOSITION

Accordingly, the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 201) is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

IT IS SO ORDERED.

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE